| | |
|---|---|
| ELLA M. PHILLIPS,<br><br>                       Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY,<br><br>                       Defendant. | Case No.: 18-CV-289 JLS (KSC)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF Nos. 2, 3) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Presently before the Court are Plaintiff Ella M. Phillips's Motion to Proceed *In Forma Pauperis* ("IFP"), ("IFP Mot.," ECF No. 2), and Motion for Appointment of Counsel, ("Counsel Mot.," ECF No. 3).

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of

fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating her average monthly income is $3,612.80, and she expects to earn $3,689.60 next month. (IFP Mot. 1.) Plaintiff's monthly expenses are $3,575.50, and she owns a home with a value of $400,000. (*Id.* at 3–5.) In sum, Plaintiff's income exceeds her expenses and she is not without assets. Plaintiff has not demonstrated she is unable to pay the requisite filing fee. Thus, the Court **DENIES** Plaintiff's Motion to Proceed IFP.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel because she can no longer afford to pay the attorney she retained to assist her in this case. (Counsel Mot. 3.)

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have the discretion to appoint counsel for indigent persons. This discretion, however, may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court finds Plaintiff has not satisfied the standards for appointment of counsel under 28 U.S.C. § 1915(e)(1). First, Plaintiff's Complaint has not yet been served or answered, so the likelihood of Plaintiff's success on the merits in this case is therefore not yet clear at the early stage of the litigation. Second, Plaintiff has not demonstrated an inability to articulate her claims thus far. She states she was assisted by an attorney when attempting to settle with Defendant, and has only recently filed her Complaint. Plaintiff has successfully filed a Complaint against Defendant, along with the two present Motions.

Therefore, the Court finds that neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time and **DENIES** Plaintiff's motion, (ECF No. 3). This denial is **WITHOUT PREJUDICE** should Plaintiff later be able to make the requisite showing of exceptional circumstances.

## CONCLUSION

In sum, the Court **DENIES** Plaintiff's Motion to Proceed IFP, (ECF No. 2). To proceed with his case, Plaintiff may, <u>within thirty days of the date on which this Order is electronically docketed</u>, either (1) pay the $400 filing fee for civil cases, or (2) file a new motion to proceed *in forma pauperis*. The Court also **DENIES** Plaintiff's Motion for Counsel, (ECF No. 3). Should circumstances change, Plaintiff may be permitted to file another Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

Dated: February 12, 2018

Hon. Janis L. Sammartino
United States District Judge